```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
AXIS INSURANCE COMPANY,

                Plaintiff,              ORDER
                                        21-CV-5258(JS)(ARL)
      -against-

CARLO LIZZA & SONS PAVING, INC.,

                Defendant.
---------------------------------X
APPEARANCES
For Plaintiff:      Melissa Brill, Esq.
                    Ethan Price-Livingston, Esq.
                    Cozen O'Connor
                    3 WTC, 175 Greenwich Street, 55th Floor
                    New York, New York  10007

For Defendant:      No appearance.
```

SEYBERT, District Judge:

AXIS Insurance Company ("AXIS" or "Plaintiff") commenced this action against Carlo Lizza & Sons Paving, Inc. ("Lizza" or "Defendant") due to Lizza's alleged breaches of contractual obligations owed to AXIS under a series of commercial liability insurance policies. (See generally Compl., ECF No. 1.) Pursuant to the policies, AXIS defended Lizza in connection with several underlying lawsuits that alleged property damage and bodily injury. On Lizza's behalf, AXIS settled these cases and made certain indemnity payments. Although each of the policies contains a $25,000 per occurrence deductible, Lizza has repeatedly failed to reimburse AXIS for any and all amounts owed within that deductible.

Pending before the Court is AXIS's motion for a default judgment ("MDJ") which seeks an award of $554,115.65 in damages due to Lizza's alleged breaches of the policies, plus $11,580.11 in attorneys' fees and costs. (See MDJ, ECF No. 12; Support Memo, ECF No. 12-1, at 3-4.) In connection with its MDJ, AXIS submitted: (1) a memorandum of law; (2) a declaration by its counsel, Melissa Brill (the "Brill Declaration"); (3) the policies AXIS issued to Lizza; (4) a spreadsheet compiled by AXIS that lists the outstanding amounts Lizza owes in connection with each of the underlying claims (the "Claims Spreadsheet"); (5) an affidavit by Jessica Mauch, AXIS's Head of Primary Casualty Claims (the "Mauch Affidavit"); and (6) a table reflecting the total amounts of attorneys' fees and costs AXIS has incurred prosecuting this action (the "Fees & Costs Table"). (See Support Memo; Brill Decl., ECF No. 12-2; Policies, ECF Nos. 12-3 to 12-5; Claims Spreadsheet, ECF No. 12-6; Mauch Aff., ECF No. 12-8; Fees & Costs Table, ECF No. 12-7.) Having reviewed the docket and AXIS's submissions in support of its MDJ, the Court issues the following rulings.

First, AXIS has complied with all procedural requirements necessary to obtain a default judgment. See FED. R. CIV. P. 55(a), (b); see also Windward Bora LLC v. Thomas, No. 20-CV-6046, 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022) (outlining procedure to obtain a default judgment) (Seybert, J.). The instant case was commenced on September 21, 2021 and AXIS

effectuated service of the summons, complaint, and exhibits attached thereto on October 18, 2021. (See Aff. of Service, ECF No. 9.)  Thereafter, Lizza failed to timely answer or otherwise respond to the Complaint.  Upon AXIS's request, the Clerk of Court entered default against Lizza on January 5, 2022.  (Entry of Def., ECF No. 11.)  AXIS then filed the instant motion and supporting documentation on February 17, 2022 and served copies of its submissions upon Lizza that same day.  (See Cert. of Service, ECF No. 12-10.)  To date, Lizza has failed to respond to the Complaint and MDJ, and has not communicated with the Court.

Second, the Court finds the well-pleaded Complaint demonstrates Lizza's liability as a matter of law as to AXIS's first cause action, but not as to the second cause of action. Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 187 (2d Cir. 2015) ("A court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment.  Rather, the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." (citing City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011))).  As to Lizza's liability on AXIS's first claim, which is for breach of contract due to Lizza's failures to reimburse AXIS under the policies for amounts within the deductible

3

(see Compl. ¶¶ 19-29), it has been sufficiently established based upon the Court's examination of the uncontroverted allegations in the Complaint and AXIS's motion papers, including the policies issued to Lizza. However, as to Lizza's liability on AXIS's second claim, which seeks a declaratory judgment based upon hypothetical future breaches of the policies by Lizza, the Court denies entry of a default judgment. (See id. ¶¶ 30-33.) The declaratory judgment AXIS seeks asks the Court to find that Lizza is required to reimburse AXIS for "future" amounts within the deductible in connection with unspecified "pending lawsuits and/or claims," to the extent those "lawsuits and/or claims are resolved." (Id. ¶¶ 31-33; see also Support Memo at 4 ("Additionally, there are several lawsuits and/or claims against Carlo Lizza that are currently pending for which AXIS is providing Carlo Lizza a defense pursuant to the AXIS Policies. In the future, to the extent the pending lawsuits and/or claims are resolved, Carlo Lizza will be obligated to reimburse AXIS for amounts within the $25,000 deductible that are initially funded by AXIS. In light of Carlo Lizza's default and the express terms of the AXIS Policies, AXIS respectfully requests that the Court enter a declaration that Carlo Lizza is required to reimburse AXIS for future amounts funded by AXIS that fall within the deductible in connection with the pending lawsuits and/or claims.").) Other than citations to Federal Rule 55, there is no legal authority set forth in AXIS's memorandum of law let

4

alone a cogent argument supported by case law, that supports a declaratory judgment related to contingent future events. See Am. Eur. Ins. Co. v. Tirado Iron Works & Fence, Inc., No. 19-CV-6851, 2021 WL 7830143, at *4 (E.D.N.Y. Oct. 20, 2021) ("[A] court may exercise its discretion to issue a declaratory judgment, but only in cases where the party seeking the declaratory judgment can demonstrate the existence of an actual case or controversy." (quoting Gov't Emps. Ins. Co. v. Infinity Health Prods., Ltd., No. 10-CV-5611, 2012 WL 1427796, at *4 (E.D.N.Y. Apr. 6, 2012), adopted by, 2012 WL 1432213 (E.D.N.Y. Apr. 25, 2012))).

Third, the Court finds that AXIS has not provided sufficient documentation for the monetary relief it seeks, which includes $554,115.65 in damages plus $11,580.11 in attorneys' fees and costs. See Bricklayers, 779 F.3d at 189 ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability, [but] it is not considered an admission of damages." (citation omitted)). As to the damages request, the Claims Spreadsheet lists 28 claim numbers and "collection amounts" for each claim; however, the Claims Spreadsheet is undated, was prepared by an unknown individual at AXIS, provides no information regarding the underlying claims other than the claim numbers by which they are identified, and does not reflect how the amount for each claim was calculated, i.e., whether those collection amounts only include the deductible amount owed or whether they contemplate

5

interest, fees, or other costs in accordance with the policies. (See Claims Spreadsheet; see also Support Memo at 4 (quoting the "Deductible Liability Insurance Endorsement" from the policies, which provides: "If you do not promptly reimburse us for any deductible amount owed, then any cost incurred by us in collection of the deductible amount will be added and applied in addition to the applicable deductible without limitation.  These costs include, but are not limited to, collection agency fees, attorney's fees and interest.").)  Further, AXIS does not indicate whether it seeks to recover any pre- or post-judgment interest, if any and at what rates.  Neither AXIS's memorandum of law, the Brill Declaration, nor the Mauch Affidavit shed any light on these amounts.  See U.S. Bank Nat'l Ass'n as Trustee for RMAC Trust, Series 2016-CTT v. Kozikowski, No. 19-CV-00783, 2022 WL 4596753, at *8 (E.D.N.Y. Sept. 30, 2022) ("Plaintiff fails to explain why the requested amounts are warranted, how they were calculated, or how they are supported by Plaintiff's papers.").

        Then as to the attorneys' fees and costs request, the Fees & Costs Table lists five invoice numbers, the dates those invoices were issued, and the fees and costs incurred under each invoice.  (See generally Fees & Costs Table.)  There are no contemporaneous billing records; nor is there any information for the Court to evaluate the reasonableness of the fee request because the Court cannot identify the members of Cozen O'Connor that worked

6

on this matter, their qualifications and hourly rates, the number of hours they worked, and how their time was expended. Trustees of United Plant & Prod. Workers Loc. 175 Benefits Fund v. Carlo Lizza & Sons Paving, Inc., No. 16-CV-5521, 2019 WL 5699992, at *4 (E.D.N.Y. Aug. 29, 2019) ("Plaintiff has not submitted contemporaneous records with its fee application nor set forth a description of the services rendered in connection with this action. In addition[,] plaintiff's application fails to provide information regarding the individuals performing the services or the date on which such services were performed."), adopted by, 2019 WL 4805044 (E.D.N.Y. Oct. 1, 2019). In addition, there is no documentation that identifies what the $1,141.11 total cost request includes or any receipts to substantiate the costs. See id. at 4 n.7 ("Plaintiff has not provided adequate documentation of the costs being sought and simply lists on a "Time & Expense" sheet: Total Billable Expenses $635.00. Plaintiff has not provided a description of the expenses nor . . . furnished a receipt or other relevant documentation reflecting the costs." (citing Nationstar Mortg. LLC v. Fernandez, No. 17-CV-0404, 2017 WL 6767239, at *6 (E.D.N.Y. Nov. 21, 2017))). Even assuming the $402.00 line-item from October 18, 2021 is for the Court's filing fee, of which the Court can take judicial notice, the other requested costs are a mystery.

7

Accordingly, IT IS HEREBY ORDERED that AXIS's motion for a default judgment is GRANTED in part and DENIED in part. AXIS is directed to: (1) supplement its default motion on or before April 21, 2023 to properly substantiate the damages it seeks and its request for attorneys' fees and costs in accordance with this Order; and (2) submit a revised proposed judgment. AXIS is further directed to serve a copy of this Order upon Lizza forthwith and to file proof of such service on ECF.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 22, 2023
      Central Islip, New York